## Staunton.

### FIRST STATE BANK OF BOONES PATH, INC. v. W. P. ALLEN AND MARY ELY ALLEN.

September 20, 1928.

94

The opinion states the case.

*B. H. Sewell* and *Pennington & Cridlin*, for the plaintiff in error.

*W. L. Davidson, Pennington & Pennington* and *S. H. & Geo. C. Sutherland*, for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

On March 29, 1926, W. P. Allen executed a deed of assignment for the benefit of his creditors to W. S. Parkey, trustee. Among the debts listed in this deed of assignment is the debt due the plaintiff in this case from W. P. Allen and evidenced by the three notes sued on, with the signatures of his wife, Mary Ely Allen, thereon, as follows:

(a) Note dated January 18, 1923, payable on demand after date, to the order of First State Bank, Rose Hill, Virginia, meaning the plaintiff, for $1,500.00, with interest thereon from date, subject to a credit of $90.00, paid March 8, 1924; a credit paid January 19, 1925, of

$90.00; and a credit of $45.00 paid November 28, 1925, and signed by W. P. Allen and Mary Ely Allen.

(b) Note dated August 23, 1925, payable four months after date thereof, to the order of First State Bank of Boones Path, meaning the plaintiff, for $1,000.00, with interest thereon from December 23, 1925, and signed by W. P. Allen and Mary Ely Allen.

(c) Note dated November 28, 1925, payable 90 days after the date thereof, to the order of First State Bank of Boones Path, meaning the plaintiff, for $190.00, with interest from February 26, 1926, and signed by W. P. Allen and Mary Ely Allen.

On the 26th day of April, 1926, plaintiff filed its notice of motion for judgment on the three notes above set forth. Defendant in error, Mary Ely Allen, after pleading the general issue, filed the following special plea:

"The said defendant, Mary Ely Allen, comes and says that after making of the supposed writing obligatory in the notice of motion mentioned, to-wit, on 29th day of March, 1926, W. P. Allen executed and delivered to W. S. Parkey, trustee, a deed of assignment conveying all his property, real and personal, to said trustee for the purpose of paying his said debts and among them was said notes sued on by this notice of motion, and in said deed of assignment it is provided as follows, to-wit: 'Acceptance under this deed of assignment by the creditors of W. P. Allen shall be taken and deemed as a complete payment by and release of the said W. P. Allen from the payment of any further sums to any existing creditor, except such part thereof as may be realized out of the net proceeds of the said sale of the properties herein conveyed and of the money coming into said trustee's hands by virtue of this assignment,'

as will more fully appear from said deed of assignment which is recorded in the clerk's office of Lee county in deed book _____, page _____ on the 30th day of March, 1926. And this defendant further alleges that the said W. S. Parkey, trustee, qualified and gave bond as required by said deed of assignment. And that afterwards, to-wit, on the _____ day of _____ _____ _____ the said plaintiff by its writing accepted the terms and provisions of said deed of assignment, and by virtue thereof she became and was discharged from any obligation therein. And this the said defendant is ready to verify."

There was a trial by a jury which resulted in a verdict for the defendants. A number of assignments of error are relied upon in the petition for a writ of error, but in view of the conclusion reached, it is only necessary to consider the effect of the court's action in refusing to strike out the special plea filed by the defendant, Mary Ely Allen, and entering judgment for the plaintiff.

Section 5278-d (Michie's Code 1924) provides that: "Any such deed of assignment may contain a provision to the effect that those creditors who accept thereunder do so in full satisfaction of their respective claims, and shall be forever barred from further recovery of any balance * * *."

The deed of assignment specifically provides:

(1st) "All creditors of the said W. P. Allen shall within ninety days *elect* whether they will accept the terms and provisions of this deed of assignment, and such as do not *elect* to accept within ninety days the terms and provisions of this deed of assignment, shall be excluded from the benefits herein provided for such creditors * * *."

(2nd) "Acceptance under this deed of assignment by the creditors of the said W. P. Allen shall be taken and deemed as a complete payment by and release of the said W. P. Allen from the payment of any *further* sum or sums to any existing creditor * * *." (Italics added.)

There is no ambiguity about the condition imposed upon the creditor which would entitle him to share in the trust fund. It is, that when he elects to accept payment pursuant to the terms of the deed, then such acceptance "shall be taken and deemed as a complete payment by and a release of the said W. P. Allen from the payment of any further sum or sums to any existing creditor * * *."

The plaintiff in error was one of the creditors secured, and on June 21, 1926, by its attorney, delivered to the trustee its acceptance in writing, which is in the following language:

"To W. S. Parkey, trustee, under deed of assignment from W. P. Allen, dated March 29, 1924.

"You are hereby notified that, pursuant to the provisions of the said deed of assignment from W. P. Allen to you as trustee, dated March 20, 1926, the undersigned, First State Bank of Boones Path, Incorporated, hereby accepts the terms and provisions of the said deed of assignment in so far as it relates to three certain notes: First thereof is dated January 18, 1923, payable on demand after date for the sum of fifteen hundred dollars ($1,500.00) signed by W. P. Allen and Mary Ely Allen; the second thereof is dated August 23, 1925, and payable four months after date thereof for one thousand dollars ($1,000.00) and signed by W. P. Allen and Mary Ely Allen; and the third thereof is dated November 28, 1925, payable ninety days after the date thereof for one hundred and ninety dollars

($190.00), signed by W. P. Allen and Mary Ely Allen, and all three of said notes are payable to the order of First State Bank, Rose Hill, Virginia, meaning the undersigned, aggregating the sum of two thousand six hundred and ninety dollars ($2,690.00) of principal, and being the amount of the principal of the debt listed in the said deed of assignment as No. 22 in the name of the First State Bank of Boones Path, in so far as the said deed of assignment relates to the said W. P. Allen only; but this acceptance does not include or release the said Mary Ely Allen, the other signer of said notes, and as to her the undersigned preserves and maintains all of its legal rights against her as the signer of said notes."

It is impossible to read the deed of assignment without coming to the conclusion that it was the plain purport and intention of the assignor to avail himself of the beneficial provision of the statute, that all creditors who accept under the deed "do so in full satisfaction of their respective claims." This result could not only be attained under the provisions of the statute, but by the terms of the deed itself, independently of the statute, if its terms were accepted by the creditor, as was positively done by the plaintiff in error, notwithstanding the proviso inserted in its written acceptance. By its election to take under the deed, plaintiff extinguishes the debt itself. Its effort to preserve and maintain all its legal rights against Mary Ely Allen is a nullity for several reasons. First: By accepting "the terms and provisions of the deed of assignment in so far as it relates to three certain notes signed by W. P. Allen and Mary Ely Allen," could have no logical meaning other than to extinguish the debt itself. Second: The plaintiff in error could not by its own *ex parte* communication of acceptance to

the trustee, or by any other transaction with the trustee, vary or modify the terms and provisions of the deed itself; and having accepted under the deed, it had no right to impose any conditions of its own more favorable to itself than is provided for in the deed. Third: It is a proven fact, if indeed it is not an admitted fact, that Mary Ely Allen, although apparently a joint maker of the notes with W. P. Allen, her husband, was in fact his surety, with full knowledge and assent of the plaintiff in error.

Under the terms of the deed of assignment, imposed pursuant to the statute, the plaintiff in error had its election, either to accept its terms in payment of the debt or to refuse to accept and thus preserve its right to sue both the principal in fact, W. P. Allen, and the surety in fact, Mary Ely Allen. It elected to share in the benefits of the deed and thereby released the principal, which as a matter of law operates to release the surety also. If this were not true, it would place it in the power of this creditor to impose a wrongful hardship upon this defendant. Ordinarily, the surety paying the debt of the principal is subrogated to the right of the creditor to enforce against the principal payment in his favor. But in the instant case the creditor has voluntarily, in the exercise of its right of election, extinguished the debt against the debtor, and therefore, by reason thereof, there is nothing to which the surety might be subrogated. If, as contended, the creditor is entitled to recover of the surety the balance due, then it follows, of course, that the surety would be entitled to proceed against the principal. The result of such a procedure is apparent. W. P. Allen has done a vain thing. Instead of extinguishing his debt by executing a deed of assignment, he has afforded his creditor two sources from which to recover its debt and is still liable

in either event. We are unable to concur in the contention that the legislature intended to bring about such a situation.

In the petition *Long* v. *Meriden Britannia Co.*, 94 Va. 594, 27 S. E. 499, is relied upon as sustaining the argument of plaintiff in error. The decision in that case was handed down in the year 1897, and throws no light on a proper construction of the act of 1924, which provides for a deed of assignment for the benefit of creditors.

We find no error in the action of the trial court in refusing to set aside the verdict of the jury, and the same is affirmed.

*Affirmed.*