## Staunton.

RACHEL PARKEY FUGATE v. MARY ELY ALLEN.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*L. D. Smith, E. M. Fulton* and *B. H. Sewell*, for the plaintiff in error.

*W. L. Davidson, S. H. Sutherland* and *Pennington & Pennington*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

On the 10th day of May, 1926, plaintiff in error filed in the Circuit Court of Lee county her notice of motion for judgment against the defendant in error and W. P. Allen, her husband. The motion was to recover judgment for the principal sum of $6,000.00, evidenced by a note executed by W. P. Allen and Mary E. Allen, and dated June 2, 1924. When the case was called for trial, plaintiff dismissed the action as to W. P. Allen; thereupon, defendant Mary E. Allen filed a plea of the general issue and also a special plea as follows:

"The said Mary Ely Allen by her attorneys comes and says, that after the making of the supposed promissory note in the notice of motion mentioned, to-wit, on the 29th day of March, 1926, W. P. Allen, her co-defendant, executed and delivered to W. S. Parley, trustee, a deed of assignment conveying all his property, real and personal, to said trustee for the purpose of paying his debts, and especially that of the said plaintiff against said W. P. Allen, and among which debts of the said W. P. Allen was the note sued on by this notice of motion, and in said deed of assignment it is provided as follows, to-wit: 'Acceptance under this deed of assignment by the creditors of W. P. Allen shall be taken and deemed as complete payment by and release of the said W. P. Allen from the payment of any further sum or sums to any existing creditors, except such part thereof as may be realized out of the net proceeds of the sale of the properties herein conveyed and the money coming into said trustee's hands by virtue of this assignment,' as will more fully appear from said deed of assignment which is recorded in the clerk's office of Lee county, in deed book No. —, page —, on the 30th day of March, 1926; and said defendant, Mary Ely Allen, further alleges that the said W. S. Parkey qualified and gave bond as required

by said deed of assignment; and that afterwards, to-wit, on the — day of ——, 1926, the said plaintiff by her writing accepted the terms and provisions of the said deed of assignment, and by virtue and reason thereof she became and was discharged and released from further liability thereon. And this she is ready to verify, and in this respect puts herself upon the country."

Issue was joined upon the pleas and the case was tried by a jury. Upon motion of the plaintiff, and over the objection of defendant, the trial court gave to the jury this instruction:

"The court instructs the jury that the acceptance of the deed of assignment by the plaintiff in this case affects only the defendant, W. P. Allen, and his assigned estate, and does not affect the co-defendant, Mary Ely Allen (whether she be treated as joint maker or as endorser). Therefore, she is not absolved from liability to the plaintiffs in this suit by reason of said acceptance."

The trial resulted in a verdict for the plaintiff for the face value of the note, together with ten per cent. attorney's fee, as provided in the note sued upon. Thereupon, defendant filed a motion to set aside the verdict and grant her a new trial, alleging as one of the grounds in support of her motion for a new trial that the court erred in giving the instruction above set forth. In passing upon the motion of the defendant, the court held that it had erred in giving the instruction complained of, and thereupon a new trial was ordered and plaintiff excepted to the ruling of the court.

When the case was again called for trial on the 14th day of December, 1927, a jury was empanelled and counsel for plaintiff stated to the court that plaintiff would not introduce any additional evidence, but would

rely upon the evidence offered in the first trial. No evidence being offered by either party, the jury returned a verdict in favor of the defendant. Whereupon, the plaintiff moved the court to set aside the verdict and enter judgment for the plaintiff, but this the court refused to do, and entered judgment according to the verdict of the jury.

The correctness of the trial court's holding is to be determined by a proper construction of the legal effect of the deed of assignment executed by W. P. Allen to W. S. Parkey, trustee. The writ of error in the instant case was awarded prior to the decision of this court in *First State Bank* v. *Mary Ely Allen*, 151 Va. 93, 144 S. E. 474. The determinative question in that case is identical with the sole question involved in the case at bar. Plaintiff in error, as did the State Bank, accepted the terms of the deed of assignment executed by W. P. Allen, upon condition that Mary E. Allen was not to be released from any liability by reason of such acceptance.

Section 5278-d (Michie's Code 1924) provides that: "Any such deed of assignment may contain a provision to the effect that those creditors who accept thereunder do so in full satisfaction of their respective claims, and shall be forever barred from further recovery of any balance."

The pertinent provision of the deed of assignment reads as follows:

"Acceptance under this deed of assignment by the creditors of the said W. P. Allen shall be taken and deemed as a complete payment by the release of the said W. P. Allen from the payment of any further sum or sums to any existing creditor, except such part thereof as may be realized out of the net proceeds of the sale of the properties herein conveyed and of the

money coming into the trustee's hands by virtue of this assignment."

Construing these two provisions together, this court held that under the terms of the deed of assignment and pursuant to section 5278-d of the Code, the plaintiff had its election either to accept the terms of the deed in payment of its debt or to refuse to accept and preserve its right to sue both the principal debtor, W. P. Allen, and his surety, Mary E. Allen; that, having elected to share in the benefits of the deed of assignment, plaintiff thereby released the principal; that this release of the principal, as a matter of law, operated to release the surety, Mary E. Allen.

After a mature reconsideration of the *State Bank Case*, we are of opinion to adhere to the doctrine there laid down, which compels us to hold that the instant case, which is ruled by our former decision, should be affirmed.

*Affirmed.*